UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS

JESUS WENCES-ADAME

CRIMINAL NO. 07-71-FJP-CN
(CV 11-109-FJP-CN)

### RULING

This matter is before the court on a motion to vacate, set aside, or correct sentence[1] filed pursuant to 28 U.S.C. § 2255 by Jesus Wences-Adame. The United States of America has filed an opposition.[2] For the reasons which follow, the Court finds that the defendant's § 2255 motion must be denied.

I. **Factual Background**

On January 26, 2011, the prison mail room at the United States Penitentiary - Canaan, where the defendant is incarcerated, sent certified mail from the defendant to the Clerk's Office at "P.O. Box 2630, Baton Rouge, LA 70801." The defendant claims this certified mail contained his § 2255 motion. If in fact it was properly mailed, defendant contends his motion would have been timely within the required one year statutory period. However, after the events of September 11, 2001, the Clerk's Office changed

---

[1] 28 U.S.C. § 2255 (2006).

[2] Rec. Doc. Nos. 70, 77.

Doc#47294

its mailing address to 777 Florida Street, the physical address of the office. The new address has now been used for over ten years. Clerk of Court Nick Lorio acknowledged that some old forms which may still be used have the post office box address.

The one year statutory date by which defendant's motion had to be filed was on February 1, 2011. The defendant's certified mail was returned to the penitentiary on February 14, 2011. The defendant re-mailed his § 2255 motion eight days later on February 22, 2011. The defendant claims that the post office box address was the only address available to him.

**II. Law and Analysis**

The Fifth Circuit has recently considered this very issue in an unpublished decision filed in *United States v. Kirkham*.[3] In *Kirkham*, the Fifth Circuit held that an improperly addressed motion did not satisfy the mailbox rule because it was directed to an improper court and returned to the prisoner.[4] In *Kirkham*, the prisoner made a timely delivery of his § 2255 motion to prison authorities, but he had improperly addressed the motion to a state district court.[5] The motion was returned to him after the one year

---

[3] No. 08-10482, 2010 WL 667439 (5th Cir. Feb. 25, 2010). While this case cannot be used as precedent, it does set forth a guideline which the Court believes is an appropriate manner to resolve the case now pending before the Court.

[4] *See id.* at *4.

[5] *See id.* at *2.

statutory filing period had expired.  Kirkham re-filed the motion immediately to the proper court.[6]

The court also held that the clerical error of improperly addressing his motion could not suffice to justify equitable tolling because it consisted of no more than excusable neglect.[7] Equitable tolling requires that a prisoner show both that he has been diligently pursuing his rights and that some extraordinary circumstance prevented the filing of the § 2255 motion.[8]  While the *Kirkham* case is not binding upon this Court, it is highly persuasive.  Furthermore, this Court believes it is bound by the *Redd*[9] definition of requirements which must be met for the doctrine of equitable tolling to apply.

In the case now pending before this Court, the defendant also misaddressed his § 2255 motion.  Therefore, the Court finds the mailbox rule does not apply under the facts of this case.  The Court also finds that equitable tolling is not applicable under the facts of this case because no extraordinary circumstance prevented the defendant from filing his motion with the proper address.  A review of the record fails to reveal any extraordinary circumstance

---

[6]*See id.* at *4.

[7]*See id.*

[8]*See United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009).

[9]*See id.*

that prevented the defendant's access to the proper address. Thus, the doctrine of equitable tolling does not apply under the facts of this case.

### III. Conclusion

For the above reasons, the defendant's motion to vacate, set aside or correct sentence is denied, and defendant's suit is dismissed with prejudice.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, June 15, 2011.

　　　　　　　　　　　　　　　　/s/ Frank J. Polozola
　　　　　　　　　　　　　　　　FRANK J. POLOZOLA
　　　　　　　　　　　　　　　　MIDDLE DISTRICT OF LOUISIANA